IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE D. MITCHELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-00387-RAH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Lonnie D. Mitchell, a prisoner proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Thereafter, Respondent United States of America filed its Response, claiming that Mitchell's claims are time-barred, procedurally defaulted, and lack merit. Upon consideration of the parties' filings, and for the reasons below, Mitchell's § 2255 Motion will be denied without an evidentiary hearing as time-barred[1] and therefore will be dismissed with prejudice.

### BACKGROUND

On July 14, 2021, Mitchell was charged in an indictment with seven counts of sex trafficking. A subsequently issued superseding indictment added several codefendants and counts for interstate travel for purposes of prostitution. On June

---

[1] Since the statute of limitations is dispositive, the Government's other arguments for dismissal will not be discussed.

17, 2022, a jury convicted Mitchell on all counts. Mitchell was sentenced to 720 months of imprisonment.

The Eleventh Circuit Court of Appeals affirmed his convictions and sentence on February 8, 2024, and issued its mandate on March 8, 2024. Mitchell did not file a petition for a writ of certiorari with the United States Supreme Court.

Mitchell filed his § 2255 Motion with this Court on May 21, 2025. In that Motion, Mitchell seeks to set aside and vacate his sentence on numerous grounds including the sufficiency of the evidence, inaccurate jury instructions, and a claimed defect in the indictment process. The Government has filed a response, stating that Mitchell's Motion is untimely, procedurally defaulted, and factually and legally wrong.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Eleventh Circuit affirmed the sentence challenged in Mitchell's § 2255 Motion on February 8, 2024. Mitchell's one-year statute of limitations therefore began to run on May 8, 2024 -- ninety days after the Eleventh Circuit affirmed his convictions and sentence. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90–day period for seeking certiorari."); *see also Clay v. United States*, 537 U.S. 522, 524-25 (2003) (holding the issuance of the appellate court mandate is not a triggering date for § 2255's one-year limitation period). Mitchell filed his Motion on May 21, 2025, which is outside the one-year filing period. Accordingly, his Motion is untimely.

Recognizing the untimeliness of his Motion, Mitchell argues the statute of limitations should be equitably tolled. The AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a movant submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy ... limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). The United States Supreme Court has held that a

3

petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

Mitchell argues that he could not file the Motion within a year because his "legal property" was misplaced by prison staff upon his arrival, some of which was given back to him over time.[2] Mitchell also claims that he was housed in a "special housing unit" due to an "incident," and when he was released from the special housing unit in late 2024, his "legal property" was not timely forwarded to him. According to Mitchell, his "legal property" was not returned to him until recently. Due to this series of events, Mitchell claims that the statute of limitations should be tolled or waived.

The Court finds that this broad and vague description of events fails to establish that Mitchell pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2255 Motion. Mitchell's direct appeal concluded on February 8, 2024. He had ninety days and a year to timely file his Motion. Mitchell claims that he was not given access to his "legal property," but he does not sufficiently explain what that "legal property" included, when exactly he was deprived of it, when exactly it was returned to him, or why it was needed in order to timely file his Motion. He also does not provide any detail concerning the "incident" that resulted in him being placed in a "special housing unit."

---

[2] Mitchell has made similar tolling arguments in Case Number 2:25-cv-00447, which challenges his firearm conviction in Case Number 2:20-cr-224-RAH. His arguments were rejected by this Court for the same reasons that they are being rejected here.

Several decisions from the Eleventh Circuit provide guidance that these circumstances are not of the type that give rise to equitable tolling. First, the Eleventh Circuit has held that "no access or limited access to a law library does not [in itself] qualify as an extraordinary circumstance to warrant equitable tolling." *Bass v. Att's Gen.*, No. 20-10985, 2022 WL 1658637, at *2 (11th Cir. May 25, 2022) (citing *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment.")).

Further, in *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, the Eleventh Circuit declined to apply equitable tolling. *Id*. at 1090 (evaluating a § 2255 habeas motion).

In *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. The Eleventh Circuit stated that "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id*. at 1283 In *Dodd,* the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and the Eleventh Circuit found that the circumstances were not extraordinary. *Id*. (evaluating a § 2255 habeas motion).

Similarly, in *Paulcin v. McDonough*, pointing to *Akins* and *Dodd,* the Eleventh Circuit held that the movant's transfer to a county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances.

5

*See* 259 F. App'x 211, 213 (11th Cir. 2007). There, the Eleventh Circuit noted that the movant failed to allege specifically or present evidence that his detention in the county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, the movant asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, in *Paulcin*, the movant filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belied the allegation that he was prevented from pursing legal redress during his time at the county jail. Because the movant failed to establish extraordinary circumstances justifying the application of equitable tolling, the Eleventh Circuit determined that the district court did not err when deciding to dismiss Paulcin's §2255 motion as time-barred.

As these decisions show, Mitchell has not shown exceptional circumstances that entitle him to equitable tolling. His allegations are extremely broad and nonspecific. They do not show that he was without the ability to file his Motion at any time during the one-year period. Further, the Court notes that Mitchell largely places blame for his predicament because he was placed in a "special housing unit" because of an "incident." Mitchell does not explain what that incident entails, or his role in it, or whether he was at fault for it. His lack of detail about his placement in the special housing unit after an incident strongly suggests that this incident was of Mitchell's own doing, thereby suggesting that he is the author of his own misfortune. Mitchell's self-created misfortune does not constitute the type of extraordinary circumstances that warrants equitable tolling, especially in showing that the circumstances upon which he found himself were beyond his control. Mitchell bears the burden of showing exceptional circumstances, and he has not met his burden here.

## CONCLUSION

Accordingly, for the reasons above, it is **ORDERED** and **ADJUDGED** that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing and this case is **DISMISSED WITH PREJUDICE**. To the extent Mitchell seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Mitchell has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Mitchell at his address of record.

**DONE**, on this the 9th day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE